**DISTRICT OF OREGON**

**F I L E D**

**March 30, 2026**

**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____

PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Case No. 25-61990-pcm13 |
| TANSY PESCHEL, | |
| Debtor. | Adv. Proc. No. 25-6036-pcm |
| TANSY PESCHEL, | |
| Plaintiff, | MEMORANDUM DECISION[1] |
| v. | |
| MICHAEL JAY WARDEN, | |
| Defendant. | |

This matter came before the court on the motion for summary judgment filed by Plaintiff-Debtor

Tansy Peschel (Debtor), seeking a determination that a garnishment by Defendant-Creditor Michael Jay

Warden (Defendant) is a preferential transfer subject to avoidance under to 11 U.S.C. § 547(b).[2]  The court

---

[1]    This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases.  It may, however, be cited for whatever persuasive value it may have.

[2]    Unless otherwise noted, all references to chapters, sections, and rules are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., and to the Federal Rules of Bankruptcy Procedure, Rules 1001, et seq.

Page 1 – MEMORANDUM DECISION

reviewed the documents submitted and considered the parties' arguments.  For the reasons set forth below, the court will grant Debtor's motion for summary judgment.

FACTUAL BACKGROUND

Debtor filed a chapter 13 bankruptcy petition on July 17, 2025.[3]  Approximately three years before the petition date, the Marion County Small Claims Court entered judgment (the Judgment) against Debtor for non-payment of rent owed to Defendant under a residential lease.[4]  On July 1, 2025, Defendant garnished $1,104.66 from Debtor's paycheck to satisfy part of the Judgment.[5]

On September 9, 2025, Debtor initiated this adversary proceeding.[6]  Debtor alleges that Defendant's garnishment of her paycheck is a preferential transfer that is avoidable under § 547(b).[7]  Defendant filed an answer to the Debtor's complaint (the Answer), denying all allegations in the complaint and asserting two defenses:  (1) contemporaneous exchange for new value under § 547(c)(1); and (2) ordinary course of business under § 547(c)(2).[8]  Defendant provided no supporting legal argument for these defenses or additional allegations of fact in the Answer.

---

[3]    Case No. 25-61990-pcm13, ECF No. 1.

[4]    Adv. Pro. No. 25-06036-pcm, ECF No. 23, Ex. B.

[5]    ECF No. 23, Ex. C.

[6]    ECF No. 1.

[7]    ECF No. 1.

[8]    ECF No. 16.

Page 2 – MEMORANDUM DECISION

Debtor filed a Motion for Summary Judgment (the Motion), which includes a Statement of Undisputed Material Facts supported by exhibits and a declaration.[9]  Defendant did not file a response to the Motion.

## JURISDICTION

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(F).  Venue is proper in this court.  28 U.S.C. § 1409(a).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 mandates entry of summary judgment where the moving party shows there is no genuine dispute of material fact and is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), made applicable by Rule 7056.  Evidence must be viewed in the light most favorable to the nonmoving party, with all reasonable inferences drawn in their favor.  Id.  If the moving party shows the absence of a genuine dispute of material fact, the nonmoving party must present specific facts showing a genuine issue for trial and may not merely rely on conclusory allegations.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the only disputes relate to the legal significance of undisputed facts, "the controversy collapses into a question of law suitable to disposition on summary judgment."  Thrifty Oil Co. v. Bank of Am. Nat. Tr. & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003).

## ANALYSIS

Under Fed. R. Civ. P. 56(c), a party asserting that a fact is genuinely undisputed can support that assertion by citing to the record.   In accordance with Fed. R. Civ. P. 56, Debtor filed a Statement of

---

[9]     ECF No. 23.

Page 3 – MEMORANDUM DECISION

Undisputed Material Facts (the Statement of Facts) supported by citations to the record.  Defendant did not file a response to the Motion or otherwise address the Statement of Facts as required by Rule 56(c). Therefore, the court will consider the facts stated in the Statement of Facts to be undisputed.  Fed. R. Civ. P. 56(e)(2).  Debtor is entitled to judgment as a matter of law if the legal consequences of those facts and permissible inferences therefrom substantiate the Debtor's claim for relief under § 547(b).  Fed. R. Civ. P. 56(e)(3).  The court finds that they do.

A chapter 13 debtor may avoid a preferential transfer under § 547(b) for the benefit of the debtor. § 522(g)-(i).  To avoid a preferential transfer under § 547(b), a debtor must show:

1.  A transfer of an interest in the debtor's property;

2.  To or for the benefit of a creditor;

3.  For or on account of an antecedent debt owed by the debtor before the transfer was made;

4.  Made while the debtor was insolvent;

5.  Made on or within 90 days before the filing of the bankruptcy petition (or within one year if the creditor was an insider); and

6.  That enables the creditor to receive more than it would have received in a chapter 7 liquidation if the transfer had not been made.

§ 547(b).

The garnishment of Debtor's paycheck by Defendant constitutes a transfer of Debtor's property.  By virtue of the Judgment, Defendant is a creditor of Debtor and the garnishment was on account of a preexisting debt owed by Debtor.  The transfer occurred on July 1, 2025, within 90 days of the petition date

Page 4 – MEMORANDUM DECISION

and while Debtor was presumed insolvent under § 547(f).  Defendant provided no evidence to rebut the statutory presumption of insolvency.  Finally, Debtor's chapter 13 plan proposes no distribution to general unsecured creditors.[10]  As a result, the garnishment allowed Defendant to receive more than he would have received in a chapter 7 liquidation had the transfer not been made.  In re Lewis W. Shurtleff, Inc., 778 F.2d 1416, 1421 (9th Cir. 1985).  The undisputed facts show that Defendant's garnishment of Debtor's July 1 paycheck was a preferential transfer, which Debtor may avoid under § 547(b).

In his Answer, Defendant asserted two defenses to Debtor's preference claim:  (1) contemporaneous exchange for new value under § 547(c)(1); and (2) ordinary course of business under § 547(c)(1).  A creditor bears the burden of proof on affirmative defenses to preference claims. § 547(g).  The court finds Defendant's asserted defenses unavailing.

The July 1 garnishment partially satisfied the Judgment and was not in exchange for new value.  Defendant's garnishment of Debtor's paycheck to collect on the Judgment for unpaid residential rent is not a payment in the ordinary course of business, as a matter of law.  See Imagine Fulfillment Servs., LLC v. DC Media Capital, LLC (In re Imagine Fulfillment Servs., LLC), 489 B.R. 136, 140 (Bankr. C.D. Cal. 2013)("unilateral act of recording [] Notice of Judgment Lien cannot be characterized as being within the ordinary course of business of both the debtor and the creditor as required by section 547(c)(2).")(citation omitted).

---

[10]     ECF No. 23, Ex. D.

CONCLUSION

The court will grant Debtor's motion for summary judgment. Counsel for Debtor must submit the order granting summary judgment and judgment within 14 days from the entry date of this Memorandum Decision.

###

Page 6 – MEMORANDUM DECISION